UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

BARRY RAO                                          CIVIL ACTION

VERSUS                                             NO. 05-4968

DELTA QUEEN STEAMSHIP COMPANY, INC.                SECTION "F"

ORDER AND REASONS

Before the Court are two motions: (1) defendant's motion to strike plaintiff's jury demand; and (2) plaintiff's motion for leave to amend complaint. For the reasons that follow, the defendant's motion to strike plaintiff's jury demand is DENIED and the plaintiff's motion for leave to amend complaint is GRANTED.

**Background**

During a Memorial Day weekend cruise in May 2005 on the Mississippi River, Barry Rao, a passenger on the M/V AMERICAN QUEEN, was severely burned when the hot water kettle for tea he ordered for breakfast spilled into his lap. In October 2005, he sued Delta Queen, the owner and operator of the M/V AMERICAN QUEEN, the cruise ship. He alleges, among other things, that a Delta Queen employee negligently placed the tea kettle on the edge of the table and at a tilt.

In paragraph 4 of the complaint, Mr. Rao invokes the subject matter jurisdiction of the Court pursuant to 28 U.S.C. §§ 1331, 1332, and 1333. Paragraph 4 also provides "[p]ursuant to Rule 9(h) of the Federal Rules of Civil Procedure, Rao hereby designates his claim, to the extent applicable, as one brought pursuant to the

1

Court's admiralty and maritime jurisdiction."  At the end of the complaint, Rao demands a jury:  "Rao requests a jury trial upon all issues so triable."  On March 28, 2006, the Court-issued scheduling order provided that "trial will commence on Monday, January 29, 2007 **WITH** a jury."

Delta Queen now moves to strike Rao's jury demand and Rao seeks leave to amend his complaint to delete the language in the complaint invoking the Court's admiralty jurisdiction and clarify that he brings his claims pursuant to the Court's diversity jurisdiction.

## Law and Analysis

Federal Rule of Civil Procedure 9(h) provides that "a pleading setting forth a claim for relief within the admiralty and maritime jurisdiction of the Court, that is also within the jurisdiction of the Court on some other ground, may contain a statement identifying the claim as an admiralty or maritime claim."  Hunt v. Diamond Offshore Drilling, Inc., 2002 WL 1906914 (E.D. La. Aug. 19, 2002) (Barbier, J.) (finding that defendant had no right to jury trial where the plaintiff's complaint contained a simple statement invoking the Court's admiralty jurisdiction and the plaintiff "had not invoked the admiralty jurisdiction" of the Court).  Rule 9(h) further provides that "[t]he amendment of a pleading to add or withdraw an identifying statement is governed by the principles of Rule 15."  Fed.R.Civ.P. 15(a); see also T.N.T. Marine Service, Inc.

v. Weaver Shipyards and Drydocks, Inc., 702 F.2d 585 (5th Cir. 1983) (noting that Rule 9(h) is "not a harsh rule, for its third sentence expressly provides that the liberal procedures for amending complaints found in Rule 15 apply to identifying statement").

"[L]eave [to amend pleadings] shall be freely given when justice so requires."  Fed.R.Civ.P. 15(a).  Absent substantial prejudice to the defendant, the policy of Rule 15 is to permit liberal amendment of pleadings.  See Dussouy v. Gulf Coast Investment Corp., 660 F.2d 594, 597 (5th Cir. 1981).

Rao has moved to amend his complaint to withdraw his Rule 9(h) designation and to proceed entirely under the Court's diversity jurisdiction.  Delta Queen has failed to show any prejudice that would result if the plaintiff is permitted to amend his complaint.

Here, Rao expressly made a Rule 9(h) designation in his complaint.  But he also pleaded diversity jurisdiction and demanded a jury.  The Court placed the case on its jury trial docket in March 2006.

Rao contends, and the Court agrees, that the Fifth Circuit has addressed similar circumstances in Conti v. Sanko Steamship Company, Ltd., 912 F.2d 816 (5th Cir. 1990).  In Conti, the Fifth Circuit held that the trial court abused its discretion in refusing to allow the plaintiff to amend his complaint to delete the reference to admiralty jurisdiction.  The parties had proceeded for months on the assumption that there would be a jury trial.  Shortly

3

before the trial in Conti, as here, the defendant had moved to strike the plaintiff's jury demand because the plaintiff had also made a Rule 9(h) designation.  In response, the plaintiff moved to amend his complaint to cure the pleading defect.  The defendant in Conti did not show that withdrawing the Rule 9(h) designation would result in prejudice.  Delta Queen likewise fails to show that it would suffer any prejudice if the Court grants Rao leave to amend.[1] And the amendment does not disturb the trial date or otherwise disrupt the docket.  Given the circumstances, the Court finds that leave to amend is appropriate.

Accordingly, the plaintiff's motion for leave to amend complaint is GRANTED and the defendant's motion to strike plaintiff's jury demand is DENIED.

New Orleans, Louisiana, January 16, 2007.

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE

---

[1] Delta Queen notes that Rule 16(b) governs amendments once the deadlines in a scheduling order have passed. Rule 16(b) provides that a scheduling order shall not be modified except upon good cause and by leave of the district judge. Here, the March 28, 2006 Scheduling Order set as April 27, 2006 as the deadline for amendments to pleadings.  However, the Scheduling Order further notes that the trial will commence on January 29, 2007 at 9:00 a.m. **with** a jury.  Because the plaintiff's proposed amended complaint simply seeks to reaffirm the status of a jury trial and the defendant has filed a motion to strike the jury demand notwithstanding the Scheduling Order, the Court would be modifying the Scheduling Order with either ruling.